| | |
|---|---|
| ARAPAHOE COUNTY DISTRICT COURT<br>7325 S Potomac St #100<br>Centennial, CO 80112<br>(303) 645-6600 | DATE FILED: December 29, 2021 11:20 AM<br>FILING ID: EA19C68EE106F<br>CASE NUMBER: 2021CV32209 |
| Plaintiff:  SANTRICHANDA BALDWIN<br><br>v.<br><br>Defendant:  USAA FEDERAL SAVINGS BANK | ▲ **COURT USE ONLY** ▲ |
| Stephen E. Berken, Esq.<br>Berken Cloyes PC<br>1159 Delaware Street<br>Denver, Colorado 80204<br>Phone Number: 303-623-4357<br>Fax Number: 720-554-7853<br>E-mail: stephenberkenlaw@gmail.com<br>*Attorney for Plaintiff* | Case Number:<br><br>Division      Courtroom: |
| **COMPLAINT AND DEMAND FOR JURY TRIAL** | |

COMES NOW Santrichanda Baldwin ("Plaintiff"), by and through her counsel Stephen Berken, Esq., for her Complaint against USAA Federal Savings Bank ("Defendant") and states as follows:

## I.      INTRODUCTION

This is an action brought by Plaintiff against Defendant for violation of the Electronic Funds Transfer Act (EFTA) for its unlawful transfer of $43,400.86 to a third-party, unknown to Plaintiff, and for which Plaintiff did not authorize.

## II.      PRELIMINARY STATEMENT

1.      Plaintiff is a victim of identity theft.

2.      The perpetrator, who is unknown to Plaintiff, (but whose name is identified in the transaction history maintained by Defendant), unlawfully transferred funds from Plaintiff's bank account with Defendant.

1

**Exhibit C – Complaint and Demand for Jury Trial**

3. Plaintiff promptly and repeatedly disputed the transfers with Defendant.

4. Despite its obligation under the EFTA to promptly investigate and credit Plaintiff's account in full, Defendant has refused to replenish the stolen funds.

5. Plaintiff brings claims against Defendant for violations of the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. § 1693, *et seq.*, and Colorado Deceptive Trade Practices under C.R.S. § 6-1-105.

6. The EFTA provides a basic framework establishing the rights, liabilities, and responsibilities of participants in an electronic fund transfer system.

7. 15 U.S.C. §§ 1693 *et seq*. The "primary objective" of the EFTA "is the provision of individual consumer rights." *Id*. § 1693(b).

8. Any waiver of EFTA rights is void. "No writing or other agreement between a consumer and any other person may contain any provision which constitutes a waiver of any right conferred or cause of action created by this subchapter." 15 U.S.C. § 1693l.

### III.  JURISDICTION AND VENUE

9. The Court has jurisdiction pursuant to 15 U.S.C. § 1693m and 28 U.S.C. § 1331.

10. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

11. Venue is proper in this county because Plaintiff resides in this District, a substantial part of the events and occurrences underlying this litigation occurred within this county and Defendant regularly conducts business here.

12. Defendant's principal place of business is 9800 Fredericksburg Road, San Antonio, TX 78288. It regularly conducts business within the state of Colorado.

13.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because, at all relevant times, Plaintiff was a resident of Arapahoe County, state of Colorado.

## IV. PARTIES

14.     Plaintiff Santrichanda Baldwin ("Plaintiff") is a resident of Aurora, Colorado. Plaintiff is a veteran, having served from 1999 to 2001. Plaintiff received an honorable discharge on October 24, 2001.

15.     Plaintiff is a "consumer" as defined by the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. § 1693a(6).

16.     Defendant is a national banking association formed under the laws of the United States and was, at all times relevant to this Complaint, a financial institution as defined by the EFTA, 15 U.S.C. § 1693a(9).

17.     At all times relevant, Plaintiff's checking and savings accounts with Defendant were used for personal, family, or household purposes.

18.     The Defendant is not a minor, an incompetent, or in the military service of the United States.

19.     The Plaintiff demands a trial by jury.

## V. FACTUAL ALLEGATIONS

20.     On or about March 1, 2017, Plaintiff opened a bank account with Defendant. The account number ends with 1741.

21.     On March 15, 20221, Plaintiff wire transferred $4500 to her account held by Defendant, number ending with 1741.

22.     On the same day, March 15, 2021, Defendant wire transferred $4500 to an account ending in 7316. Plaintiff did not authorize such transfer.

3

23. On March 16, 2021, Defendant wire transferred $32,100.36 to an account ending in 2673. Plaintiff did not authorize such transfer by Defendant.

24. On March 17, 2021, Defendant transferred to $6800 to an account ending in 7561. Plaintiff did not authorize such transfer with Defendant.

25. On March 21, 2021, Plaintiff contacted Defendant in an effort to determine the whereabouts of her funds, who was responsible for the unauthorized transfers. Plaintiff called Defendant a total of thirty (30) times wherein she was transferred to various departments, including "wire transfer fraud department," the "fraud department" and various other departments. When Defendant would offer any observation as to Plaintiff inquires, Defendant represented that Plaintiff **did** authorize the transfers. At no time did Defendant provide any proof to Plaintiff. Plaintiff was told that the Defendant reviewed the records and could do nothing to assist her.

26. On September 30, 2021, Plaintiff, through undersigned counsel, sent a letter to Defendant. *See letter dated September 30, 2021*, attached hereto and incorporated herein by reference. No response was received.

27. On November 8, 2021, Plaintiff, through undersigned counsel, sent a second letter to Defendant. No response was received. *See letter dated November 8, 2021*, attached hereto and incorporated herein by reference.

## VI. FIRST CLAIM FOR RELIEF

(Electronic Fund Transfer Act, 15 U.S.C. § 1693, *et. seq*.)

28. Plaintiff repeats and re-alleges and incorporates by reference the foregoingparagraphs as if fully set forth herein.

29. Per the EFTA, Regulation E, and Regulation E's Official Interpretations, Defendantbears the responsibility for unauthorized transfers like the present ones.

30. The EFTA caps consumer liability for unauthorized electronic fund transfer at $50and the transaction at issue exceeds that amount. 15 U.S.C. § 1693g(a).

31. Defendant cannot merely claim that it is the responsibility of Plaintiff to determine the whereabouts of her funds, nor the identity of the thief who stole her money and engaged in the fraudulent transactions.

32. Once Plaintiff notified Defendant of the unauthorized transfers, Defendant was required to conduct a bona fide reasonable investigation to determine if fraud occurred as required by the EFTA.

33. However, Defendant failed to conduct a reasonable investigation.

34. A reasonable investigation would have included review of one or more of the following items, which would have led Defendant to conclude that fraud had occurred and would have revealed, *inter alia*, the following:

   a. Plaintiff did not authorize the disputed transactions;
   b. Plaintiff promptly reported the fraudulent transactions;
   c. Plaintiff has no history of making false or unverifiable fraud reports;
   d. Plaintiff has no criminal history;
   e. Plaintiff has no history of irresponsible use of his account;
   f. Plaintiff has no history of fraud with Defendant or any other financial institution;
   g. No other proof exists to refute Plaintiff's claim.

35. Furthermore, the EFTA places the burden of proof on the financial institution to demonstrate that challenged transfers were authorized or, if they were unauthorized, that the consumer can be held liable for them. 15 U.S.C. § 1693g(b).

36. This burden of proof cannot be and was not plausibly met with regard to the contested transactions.

37. Defendant's acts and omissions set forth above constitute violations of the EFTA.

38. As a direct and proximate result of Defendant's violations of the EFTA, Plaintiff is entitled to an award of statutory and actual damages as well as attorney's fees and costs.

39. In light of the foregoing – in addition to all other relief sought herein –

Plaintiff is also entitled to recover treble damages under Section 1693f(e).

## VII. SECOND CLAIM FOR RELIEF

### (Colorado Deceptive Trade Practices, § 6-1-105, et. seq.)

40.	Plaintiff repeats and re-alleges and incorporates by reference the foregoingparagraphs as if fully set forth herein.

41.	In the course of its dealings with Plaintiff, Defendant has engaged in deceptive conduct in the conduct of business, trade, commerce or the furnishing of a service inthis state and constituted a violation of Colo. Rev. Stat. § 6-1-105, et. seq. independent of whether Defendant's conduct violated any other law.

42.	Specifically, but without limitation, Defendant's deceptive conduct included:
- Falsely alleging that it had performed a *bona fide* investigation into the fraudulent transactions; and
- Falsely alleging that the unauthorized transactions were the responsibility of Plaintiff.

43.	Defendant's conduct as alleged herein is "consumer oriented."

44.	Indeed, far from a "one shot transaction," Defendant deals with a large volume of customers who dispute unauthorized charges.

45.	Upon information and belief, Defendant's misconduct as set forth above is part of a recurring policy and practice of seeking to avoid responsibility in refunding consumers for fraudulent transfers.

46.	These policies and practices have the potential to be repeated with regard to a large number of consumers.

47.	Each of these deceptive acts and practices is one that has a broad impact onconsumers.

48.	Due to these violations of Colo. Rev. Stat. § 6-1-105, et. seq., Plaintiff has suffered actual damages and is entitled to:
 a.  actual damages;

      b. treble damages;

      c. punitive damages;

      d. injunctive relief barring Defendant from henceforth committing the deceptiveacts and practices set forth herein;

      e. costs; and

      f. reasonable attorney's fees.

**WHEREFORE,** Plaintiff seeks judgment in her favor and damages against Defendant:

A.    Awarding Plaintiff against Defendants actual damages, treble damages, statutorydamages, punitive damages, declaratory relief, injunctive relief, costs, and reasonable attorneys' fees; and

B.    such other and further relief as may be necessary, just, and proper.

## VIII. DEMAND FOR JURY TRIAL

Pursuant to Colorado Rule of Civil Procedure 38, Plaintiff demands a trial by jury as to all issues so triable.

Respectfully Submitted:   December 17, 2021

                              Berken Cloyes PC

                              By: /s/ Stephen E. Berken
                              Stephen E. Berken #14926
                              Attorneys for Plaintiff

Pursuant to C.R.C.P. 121, Section 1-26(7) a copy of this document with original or scanned signatures is maintained at the offices of Berken Cloyes, PC and will be made available for inspection by other parties or the court upon request.

Plaintiff's address is: c/o Berken Cloyes, PC 1159 Delaware St, Denver, CO 80204